# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JEFFREY MAY,

                Plaintiff,

v.                                    Case No. 8:21-cv-2481-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

                Defendant.

_____

# OPINION AND ORDER[1]

## I.   Status

    Jeffrey May ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of major depressive disorder, headache disorder, tinnitus, vestibulopathy, tympanomastoidectomy, hearing loss, back problems, and "diplexia" [sic]. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed January 13, 2022, at 106, 189.

---

[1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed January 13, 2022; Reference Order (Doc. No. 12), entered January 13, 2022.

On March 25, 2015, Plaintiff protectively filed the DIB application, alleging a disability onset date of August 1, 2011.[2] Tr. at 163-64. The application was denied initially, Tr. at 106-20, 121, 142-46.[3] On May 30, 2017, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 84-105, 1072-93 (duplicate). At the time of the hearing, Plaintiff was forty-four (44) years old. Tr. at 100. On July 5, 2017, the ALJ issued a decision finding Plaintiff not disabled through December 31, 2016, the date Plaintiff was last insured for DIB (the "DLI"). See Tr. at 125-38. On June 25, 2018, the Appeals Council granted Plaintiff's request for review, Tr. at 10-13, 156-59 (duplicates), and on August 15, 2018, the Council issued an unfavorable decision denying Plaintiff's claim for benefits, Tr. at 1-7.

Plaintiff appealed the Commissioner's final decision to this Court on October 3, 2018. Tr. at 1051-53. On March 30, 2020, this Court entered an Order reversing and remanding the Commissioner's final decision with instructions to reevaluate Plaintiff's disability rating from the Department of Veterans Affairs ("VA disability rating") and to reevaluate the opinion of Dr. Thomas Collins. Tr.

---

[2]    The DIB application was actually completed and received by the SSA on July 16, 2015, see Tr. at 163-64, but the protective filing date for the application is listed in the administrative transcript as March 25, 2015, see, e.g., Tr. at 106.

[3]    The undersigned did not locate documentation of a reconsideration in the administrative transcript.

at 1055-64. Judgment was entered the same day. Tr. at 1065.

On remand, the Appeals Council on July 27, 2020 remanded the matter back to the ALJ consistent with the Court's instructions. Tr. at 1067-69. The ALJ held a hearing on April 14, 2021.[4] Tr. at 1003-41. The ALJ then issued a Decision on July 14, 2021 finding Plaintiff not disabled through December 31, 2016, the DLI. Tr. at 973-90. The Appeals Council did not assume jurisdiction, making the ALJ's Decision the final decision of the Commissioner. On October 22, 2021, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

The issue on appeal is "whether the [ALJ] properly evaluated the opinions and findings of the [VA]." Joint Memorandum (Doc. No. 15; "Joint Memo"), filed May 20, 2022, at 12 (emphasis and capitalization omitted). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

---

[4]     The hearing was held telephonically, with Plaintiff's consent, because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 1005.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 976-89. At step one, the ALJ determined Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of August 1, 2011 through his [DLI] of December 31, 2016." Tr. at 976 (emphasis and citation omitted). At step two, the ALJ found through the DLI that Plaintiff "had the

---

[5]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

following severe impairments: degenerative disc disease of the lumbar spine; cervical spine degenerative changes with osteophytes; migraine headaches; vestibular disorder with vertigo, status-post tympanomastoidectomy; major depressive disorder; anxiety; post-traumatic stress disorder (PTSD); attention deficit hyperactivity disorder (ADHD) without evidence of hyperactivity." Tr. at 976 (emphasis and citation omitted). At step three, the ALJ ascertained through the DLI that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 976 (emphasis and citation omitted).

The ALJ determined, through the DLI, that Plaintiff had the following residual functional capacity ("RFC"):

> [Plaintiff could] perform light work as defined in 20 CFR [§] 404.1567(b), except that he could frequently climb, balance, kneel, crouch and crawl but only occasionally stoop; could never climb vertical ladders, scaffolds or ropes, or at unprotected heights; could stand and/or walk and sit about 6 hours each position in an 8-hour workday, considering the standard scheduled breaks every two hours; was required to avoid extreme vibration and loud noise work environments; could perform frequent reaching in front and laterally bilaterally, as well as frequent handling and fingering bilaterally, but no more than occasional overhead reaching bilaterally; and was required to avoid operation of dangerous machinery or tools. Mentally, he was able to understand and carryout routine, repetitive unskilled tasks, make basic decisions, and adjust to simple changes in a work setting as long as interaction with the public was occasional, and no more than frequent with coworkers and supervisors.

Tr. at 978-79 (emphasis omitted).

At step four, the ALJ found through the DLI that Plaintiff "was capable of performing past relevant work as an Assembler, Small Products." Tr. at 987 (some emphasis and citation omitted). The ALJ then made alternative findings at the fifth and final step of the sequential inquiry. Tr. at 988-89. After considering Plaintiff's age ("44 years old . . . on the [DLI]"), education ("at least a high school education"), work experience, and RFC, Tr. at 988, the ALJ found through the DLI that Plaintiff "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy," such as "Photocopying Machine Operator," "Routing Clerk," and "Office Helper," Tr. at 989 (some emphasis, capitalization, and citation omitted). The ALJ concluded Plaintiff "was not under a disability . . . at any time from August 1, 2011, the alleged onset date, through December 31, 2016, the [DLI]." Tr. at 989 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)

(quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>Biestek v. Berryhill</u>, 139 S.Ct. 1148, 1154 (2019); <u>Samuels v. Acting Comm'r of Soc. Sec.</u>, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in reevaluating the evidence from the VA. Joint Memo at 12-16. Specifically, Plaintiff contends the ALJ "failed to properly address the opinions of the medical consultants to the [VA] regarding his conditions of migraine headaches and mental disorders." <u>Id.</u> at 13. Plaintiff points out, as to the migraine headaches, that a VA medical consultant opined Plaintiff would have them in excess of one time per month and the headaches are prostrating and prolonged. <u>Id.</u> (citing Tr. at 738). As to the mental disorders,

Plaintiff contends the ALJ did not include pertinent "symptoms" identified by the "medical advisors" of the VA. Id. at 15.[6] In response, Defendant asserts that "the ALJ sufficiently considered and weighed [Plaintiff's] rating of disability from the [VA] along with the underlying evidence and medical source opinions." Id. at 17 (citing Tr. at 986-87).

The Regulation applicable to Plaintiff's claim (and effective only until March 27, 2017) explains that "[a] decision by any governmental agency . . . about whether you are disabled . . . is based on its rules" and is "not binding on [the SSA]." 20 C.F.R. § 404.1504.[7] As noted previously, this Court reversed the initial ALJ decision specifically as it pertained to the VA disability rating. See Tr. at 1055-64. In reversing the initial ALJ decision, the Court explained that "the conclusory reason cited by the ALJ and the Appeals Council [for rejecting the VA disability rating] is contradicted by the record." Tr. at 1062. The Court also found that the ALJ and Appeals Council's contrasting of VA and SSA programs was insufficient. Tr. at 1062 (citation omitted).

---

[6] Plaintiff requests a reversal with an award of benefits. Joint Memo at 15-16. Because the undersigned finds no reversible error, this request need not be addressed.

[7] The SSA has since amended this Regulation to state that for claims filed on or after March 27, 2017, a SSA ALJ would "not provide any analysis . . . about a decision made by another governmental agency . . . about whether [a claimant is] disabled." 20 C.F.R. § 404.1504 (2017). However, even under the amended Regulation, an ALJ must "consider[] all of the supporting evidence underlying the other governmental agency['s] . . . decision." Id.

After this matter was remanded by this Court to the SSA, but before the ALJ issued the latest Decision, the Eleventh Circuit, applying the same version of the Regulation that applies here, decided in a published opinion "what role another agency's decision that a claimant is disabled plays when an ALJ considers whether the claimant is disabled for Social Security purposes." Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1324 (11th Cir. 2020). Upon resolving seeming inconsistencies or tensions in prior precedent, the Noble Court concluded that two questions should be answered in deciding whether a VA disability rating was properly considered by a SSA ALJ: 1) "whether the ALJ's decision shows that she considered the other agency's decision"; and 2) "whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision." Id. at 1330 (citations omitted). "If there is substantial evidence in the record, then the ALJ's decision should be affirmed." Id. (citation omitted).

Ultimately, the Court in Noble answered both questions in the affirmative, finding substantial evidence to support the ALJ's finding that "the VA's decision was inconsistent with the 'objective medical evidence' in the record." Id. The Court distinguished the unpublished Brown-Gaudet-Evans case, upon which the plaintiff there relied, by noting it "did not address the situation before" the Noble Court. Id. at 1331. In Brown-Gaudet-Evans, the ALJ "gave only [the] single reason for rejecting the VA's decision: that the VA

applied a different standard to determine whether the claimant was entitled to disability benefits." <u>Id.</u>  In <u>Noble</u>, however, "the ALJ did not reject the other agency's decision simply because the VA applied a different standard to determine whether [the plaintiff] was disabled." <u>Id.</u> "Instead," stated the Court, "the ALJ explained that the VA's decision was contradicted by more recent objective medical evidence in the record." <u>Id.</u>[8]

Turning back to the instant case, the ALJ on remand discussed in great detail the VA evidence, in addition to the rest of the evidence. Tr. at 979-87. The ALJ's discussion reflects thoughtful consideration of both the migraine headache impairment and the mental impairments. <u>See</u> Tr. at 981-87.

Plaintiff argues the ALJ did not fully address the questionnaire regarding his migraines that was filled out by John Yulo, M.D., a physiatrist with the VA. <u>See</u> Joint Memo at 13 (citing Tr. at 738, which contains Dr. Yulo's questionnaire).[9] But the ALJ specifically recognized this questionnaire and the ultimate opinion that there would be "an impact on the ability to work due to sensitivity to light and climate changes that would cause vomiting or dizziness." Tr. at 983 (citing Ex. 3F, p. 240, located at Tr. at 739). Plaintiff contends the

---

[8]     Moreover, the Court noted that <u>Brown-Gaudet-Evans</u> is unpublished and not binding. <u>Noble</u>, 963 F.3d at 1330, 1331.

[9]     Plaintiff does not specifically refer to Dr. Yulo by name, but he only cites Dr. Yulo's opinion on this point. Given Plaintiff's contention and citation, the Court need only address Dr. Yulo's opinion.

ALJ did not recognize Dr. Yulo's opinion that the migraines are "prostrating and prolonged" and occur more frequently than once per month. Joint Memo at 13; Tr. at 738. Although the ALJ did not refer to this particular finding, the ALJ's reference of the opinion and assigned limitations in the RFC, Tr. at 978, make clear that he adequately considered the migraine headache allegations.

As to the mental limitations, Plaintiff contends the ALJ did not include relevant mental symptomology identified by VA psychologist Sara J. Cornell, Psy.D. Joint Memo at 14-15 (citing Tr. at 734-36, which contains Dr. Cornell's opinion). [10] The ALJ, however, addressed in detail Dr. Cornell's opinion, ultimately assigning it "little weight" because it was "vague[]" and "not precise." Tr. at 986. The ALJ found that although "the doctor states there are 'deficiencies,' the doctor does not articulate to what extent or quantify a specific workplace limitation." Tr. at 986; see Tr. at 732-36. Moreover, stated the ALJ, the opinion is "of little probative value" because it "does not address the specific areas of workplace functioning utilized by the [SSA]." Tr. at 986. Plaintiff does not allege the ALJ's reasons for discounting the opinion are inadequate or otherwise in error. See Joint Memo at 14-15. Upon review of the ALJ's Decision and reasons, they are adequate and supported by substantial evidence.

---

[10]     Plaintiff does not specifically refer to Dr. Cornell by name, but he only cites Dr. Cornell's opinion on this point. Given Plaintiff's contention and citation, the Court need only address Dr. Cornell's opinion.

In sum, the ALJ adequately complied with the remand instructions and with <u>Noble</u> in assessing the VA disability rating and evidence. The ALJ's findings, particularly those on the migraine headaches and mental impairments, are adequate and supported.

### V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2.   The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 16, 2023.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record